plaintiffs were proximately caused by the negligence of the defendant and without negligence on the part of either plaintiff. It was error for the trial court to direct a verdict in favor of plaintiffs on these issues. Plaintiffs (husband and wife) were in an automobile owned by the husband which the wife drove over a manhole cover in the center of a city street. The cover "flipped" off striking the vehicle with damage thereto and claimed injury to plaintiff wife. There was proof that for several months prior thereto the cover had not been firmly seated and moved with an audible sound when vehicles passed thereover. This presented a further factual issue as to whether or not defendant had constructive notice of the alleged defect. The doctrine of *res ipsa loquitur* had no applicability (cf. *Godfrey* v. *County of Nassau*, 24 A D 2d 569). Lastly, a factual issue was presented as to whether or not the city was responsible for creating the claimed defect as a special user of the highway. In such event the local statute (Municipal Code of City of Rochester, § 312-a) requiring written notice of a street defect would have no applicability (*Smith* v. *City of Corning*, 14 A D 2d 27; *Filsno* v. *City of Rochester*, 10 A D 2d 663). (Appeal from order of Monroe County Court, Trial Term denying defendant's motion for dismissal of plaintiffs' complaint, to set aside the verdict and for a new trial.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. THEODORE LEE BOUTON, Appellant.— Order unanimously affirmed. Memorandum: Petitioner alleges no fact to substantiate his claimed insanity at the time of the plea. (See *People* v. *Booth*, 24 A D 2d 436.) (Appeal from order of Supreme Court, Herkimer County, denying, without a hearing, motion to vacate a judgment of conviction for murder second degree, rendered Feb. 27, 1953.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ CARL EDELSTEIN, Respondent, v. RONALD THOMAS et al., Appellants.— Judgment unanimously affirmed, without costs of this appeal to either party. Memorandum: In the light of the factual situation presented here it does not appear the defendant could have been prejudiced either by the court's confused instructions in answer to a juror's question, later clarified, or by his unusual conduct in having the jury returned to the court-room after two hours' deliberation to ask of each individual juror if he had any question, which practice we do not approve. While some of the ensuing questions and comments added only to the confusion of the situation there would appear to be nothing presented that prejudiced the rights of the parties to a fair and proper determination of the issues. (Appeal from judgment of Erie Trial Term for plaintiff in an automobile negligence action.) Present — Bastow, J. P., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. STANLEY SCHRIEBER, Appellant.— Judgment unanimously reversed on the law and indictment dismissed. Memorandum: The proof was lacking as to the essential elements of burglary in the third degree. (Appeal from judgment of Jefferson County Court convicting defendant of burglary, third degree.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ JAY-K INDEPENDENT LUMBER CORP., Respondent, v. MARGARET A. BLACK, Appellant, et al., Defendant.— Judgment unanimously affirmed, with costs. (See, CPLR 103, subd. [e]; 3017, subd. [a].) (Appeal from judgment of Oneida Trial Term, in an action for foreclosure of a mechanic's lien.) Present — Williams, P. J., Goldman, Henry, Del Vecchio and Marsh, JJ.

■ JAY-K INDEPENDENT LUMBER CORP., Plaintiff, v. MARGARET A. BLACK, Appellant, and TREVOR N. OWEN, Respondent.— Judgment unanimously affirmed,