**George Harry METROPOLIS and Dale Allen Johnson, Appellees,**

v.

**John W. TURNER, Warden, Utah State Prison, Appellant.**

No. 628–70.

United States Court of Appeals, Tenth Circuit.

Jan. 27, 1971.

Sheldon E. Friedman, Denver, Colo., for appellees.

Harry E. McCoy, II, Asst. Atty. Gen. (Vernon B. Romney, Atty. Gen., and Lauren N. Beasley, Chief Asst. Atty. Gen., on the brief), for appellant.

Before LEWIS, Chief Judge, McWILLIAMS, Circuit Judge, and DOYLE, District Judge.

McWILLIAMS, Circuit Judge.

In 1960 George Harry Metropolis and Dale Allen Johnson were jointly tried and convicted of murder in a state court of Utah and each was thereafter sentenced to the Utah State Prison. At the date of trial each of the defendants was fifteen years of age. No direct appeal from these convictions was ever taken, though some years later the defendants did file with the Utah Supreme Court a petition for a writ of habeas corpus, which petition was denied as was the petition for rehearing.

Nine years after their conviction the defendants, who will hereinafter be referred to by name or sometimes collectively as the petitioners, filed in the United States District Court of Utah, Central Division, a petition for a writ of habeas corpus, naming as the defendant in that proceeding the Warden of the Utah State Prison, John Turner. This petition, filed pro se, was a rambling one, some forty-six pages in length, apparently prepared by a fellow inmate. Counsel was thereafter appointed to represent the petitioners.

Upon hearing of the petition the only matter urged to the trial court was the proposition that under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476, the defendants were entitled to be discharged from custody. Counsel for the petitioners did indicate that if the trial court were of the view that *Bruton* was inapplicable, he then desired to try the issue of the voluntariness of the petitioners' respective confessions, which matter was raised in the petition. However, the record, as made before the trial court, clearly reveals that the only matter presented was the applicability of *Bruton*. At the conclu-

sion of the hearing the trial court granted the petition and ordered the petitioners' immediate discharge from custody. In so doing the trial court assigned no reasons for its action, at least insofar as the record before us reveals; but it is nonetheless apparent from the record that the trial court was of the view that *Bruton* dictated the petitioners' discharge from custody. By this appeal, Turner, the Warden, now seeks reversal of the judgment thus entered.

In Bruton v. United States, *supra,* the United States Supreme Court, in reversing Bruton's conviction for armed postal robbery, held Bruton's rights under the Confrontation Clause of the Sixth Amendment had been violated because there was a substantial risk that the jury, despite instructions to the contrary, had looked to the incriminating extrajudicial statements made by Bruton's codefendant. The facts of *Bruton* should be examined with a bit of particularity.

Bruton and one Evans were jointly tried and convicted of armed postal robbery. Neither testified upon their trial. Bruton made no admissions or confessions; Evans, however, did confess to the postal authorities that he and Bruton committed the robbery in question and upon trial Evans' confession, including the portions which implicated Bruton, was received into evidence. In line with Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed.2d 278, the trial court instructed the jury that though Evans' confession was admissible against Evans, it was nonetheless inadmissible evidence as to Bruton and should be disregarded in determining Bruton's guilt or innocence. It was in this factual setting that the United States Supreme Court overruled *Delli Paoli* and reversed Bruton's conviction. It is perhaps of significance to note that Evans' conviction had already been reversed in Evans v. United States, 375 F.2d 355 (8th Cir.), where it was held that Evans' confession, which in turn incriminated Bruton, as a matter of law had been involuntarily given.

It is petitioners' contention in this court that the *Bruton* rule was correctly applied by the trial court and that its judgment should therefore be affirmed. Counsel for the Warden concede that under Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100, the *Bruton* rule is to be applied retroactively to both state and federal prosecutions. However, counsel for the Warden contend that there are such significant factual differences between the instant case and *Bruton* as to make the *Bruton* rule inapplicable.

The reporter's transcript of the testimony given at the state trial of the defendants in 1960 was by agreement received at the hearing on the habeas corpus petition. From the transcript we learn that, as was true in *Bruton,* neither Metropolis nor Johnson testified upon trial. However, unlike *Bruton,* Metropolis and Johnson both made full and complete confessions to the arresting authorities and upon trial the confession of each was offered and received into evidence, with a *Delli Paoli-type* instruction by the court that the confession was admissible only against the declarant. The confessions of Metropolis and Johnson were paralleling confessions in which the confessing defendant not only spelled out in precise detail what he himself did in connection with the homicide, but also described the role played by his codefendant. And the statements thus given by Metropolis and Johnson dovetailed in all important particulars.

It is the position of counsel that because of these significant factual differences, the instant case is either "outside" the rule of *Bruton,* citing United States ex rel. Catanzaro v. Mancusi, 404 F.2d 296 (2d Cir.), cert. denied 397 U.S. 942, 90 S.Ct. 956, 25 L.Ed.2d 123, or, alternatively, if it be still technically "within" the *Bruton* rule, the violation is constitutionally harmless beyond a reasonable doubt, citing Harrinton v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284. We need not concern ourselves with the legal nicety as to whether the instant case is "without" the *Bruton* rule, or is "within" *Bruton*

with the violation thereof constituting only harmless error. In either event the judgment of the trial court must be reversed.

Harrington v. United States, *supra,* decided subsequent to *Bruton,* merits comment. There, Harrington and three codefendants were jointly tried and convicted of murder in a state court of California. Harrington made a statement which, though it fell short of being a confession, nonetheless, among other incriminating things, did place him at the scene of the crime. This was introduced in evidence as a part of the prosecution's case against Harrington. Statements taken from Harrington's three codefendants, which in varying degrees incriminated Harrington, were also introduced in evidence. One of these three codefendants took the stand in his own defense and he was cross-examined by counsel for Harrington. The other two codefendants, however, did not take the stand.

In seeking a reversal of his conviction Harrington argued the applicability of the *Bruton* rule to his case. In rejecting this contention, the United States Supreme Court held that the violation of *Bruton,* namely, the lack of opportunity on the part of Harrington to cross-examine two of his codefendants whose statements to the police tended to incriminate him, was "on these special facts harmless error," under Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705. The "special facts" relied on would appear to be: (1) the fact that Harrington himself made a statement which, though not a confession nonetheless, among other things, placed him at the scene of the crime, and (2) the fact that apart from the incriminating statements of his codefendants the evidence against Harrington was so overwhelming as to render the *Bruton* violation constitutionally harmless beyond a reasonable doubt. And such "special facts" exist even more so in the instant case, where the petitioners each made a complete confession and the evidence against each is also of such pro-

portions as to render harmless any possible effect of admitting the codefendant's confession. The rationale of *Harrington* leads us to conclude that the trial court erred in granting the writ and discharging the petitioners.

A case analogous to the instant one is United States ex rel. Catanzaro v. Mancusi, *supra.* There, Catanzaro and several codefendants were jointly tried and convicted of murder in a state court of New York. A confession made by one of the codefendants which incriminated Catanzaro was introduced in the joint trial and Catanzaro argued that under *Bruton* his conviction should be reversed. In *Catanzaro,* as in our case, though not in *Bruton,* Catanzaro himself confessed and his confession was also received in evidence. Noting that Catanzaro's confession "interlocks with and supports" the confession of his codefendant, the United States Court of Appeals, Second Circuit, stated that in *Catanzaro* "no such 'devastating' risk attends the lack of confrontation as was thought to be involved in Bruton." *See also* United States ex rel. Dukes v. Wallack, 414 F.2d 246 (2d Cir.).

In this court counsel for the petitioners as a part of his *Bruton* argument attempts to inject the issue as to the voluntariness of the confessions made by the petitioners. We deem this particular matter not to be properly before us.

Judgment reversed.