**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Willie Thomas SPINKS, Defendant-**
**Appellant.**

**No. 71–1588.**

United States Court of Appeals,
Seventh Circuit.

Argued May 17, 1972.

Decided Aug. 1, 1972.

Certiorari Denied Nov. 13, 1972.
See 93 S.Ct. 456.

William J. Moran, Hammond, Ind., for defendant-appellant.

William C. Lee, U. S. Atty., John R. Wilks, Asst. U. S. Atty., Fort Wayne, Ind., for plaintiff-appellee.

Before SWYGERT, KILEY and SPRECHER, Circuit Judges.

KILEY, Circuit Judge.

During the afternoon of September 9, 1970, five armed men entered and robbed the Bank of Indiana, in Gary. One hour and a half later, defendant Spinks was arrested. Subsequently Spinks, Turner, Moore, Ward and Willis were indicted under 18 U.S.C. § 2113(d) for aggravated bank robbery. Spinks and Turner were tried together and convicted of the robbery. Spinks has appealed. We affirm.

Spinks does not question the sufficiency of the evidence to convict him.

## I.

### A.

 Before trial Spinks moved for a separate trial from his co-defendants on the ground that Turner's statement implicating him would be introduced at the trial and deny him his Sixth Amendment right to cross-examine Turner. The court in a memorandum opinion denied the motion on the grounds that Spinks and Turner had both given confessions with no substantial factual differences, and that although both confessions would probably be used at trial, it could not see how either defendant would be prejudiced by a joint trial.[1].

The ruling was within the discretion of the district court. F.R.Crim.P. 14; United States v. Kahn, 381 F.2d 824, 838 (7th Cir. 1967); 1 Wright, Federal Practice and Procedure § 227 (1969); and the court complied with Rule 14 in reading *in camera* both confessions. Furthermore, for the reasons discussed below, we can see no prejudice to Spinks under Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). We hold there was no abuse of discretion in the ruling.

### B.

At the trial an FBI agent testified, over Spinks' objection, that Turner surrendered on September 29 and gave a statement admitting participation in the bank robbery. The agent detailed what Turner told him in confessing the preparations for the robbery and the implementation and execution of the plans. Turner's confession as related by the agent implicated[2] Spinks in the bank robbery.

 Spinks claims that since Turner did not take the stand, the agent's testimony of Turner's confession violated his Sixth Amendment right of confrontation and cross-examination. He relies on *Bruton, supra*. However, the *Bruton* decision is of no aid to Spinks.

In *Bruton* two defendants were tried jointly for armed robbery. Neither testified at trial. But prior to trial Bruton's co-defendant confessed, implicating Bruton. The confession was introduced at the trial. The Supreme Court reversed Bruton's conviction and held that his rights under the Confrontation Clause of the Sixth Amendment had been violated because there was a substantial risk that the jury, despite instructions to the contrary, had looked to the incriminating extrajudicial statements in the confession of Bruton's co-defendant.

*Bruton* involved one defendant who did not confess and a co-defendant who

---

1. Because these two confessions implicated the other three persons named in the indictment, the latter were severed for trial from Spinks and Turner.

2. The agent said that Turner named Moore, Willis and Ward as participants in the robbery. The agent referred to the fifth participant named as Turner as the "other individual." We agree with Spinks that under the circumstances here the term "other individual" did not protect Spinks against the jury's knowledge that the reference was to him. The indictment read to the jury listed all five names, and the jury subsequently asked of the court whether Willis, Moore and Ward would be tried at a later date.

did. In the case before us, however, both Spinks and Turner gave substantially similar confessions. We think that "where the jury has heard not only a codefendant's confession but the defendant's own confession, no such 'devastating' risk attends the lack of confrontation as was thought to be involved in *Bruton*." United States ex rel. Catanzaro v. Mancusi, 404 F.2d 296, 300 (2nd Cir. 1968); Metropolis v. Turner, 437 F.2d 207, 209 (10th Cir. 1971); United States ex rel. Duff v. Zelker, 452 F.2d 1009, 1010 (2nd Cir. 1971); United States v. Fountain, 449 F.2d 629, 633 (8th Cir. 1971).

There is no merit in Spinks' claim that he was prejudiced by denial of the right to cross-examine Turner. It would be ludicrous to have Spinks trying to break down Turner's confession which implicated Spinks, while Spinks' own confession remained unchallenged. And even if Turner's confession had been excluded from evidence—or even if Spinks' motion for severance had been granted—Spinks would still be faced with his own confession.

It is true that each confession corroborated the other. However, we are persuaded that if error was committed it was harmless beyond a reasonable doubt, Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1966); see Schneble v. Florida, 405 U.S. 427, 92 S. Ct. 1056, 31 L.Ed.2d 340 (1972); Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969), in view of Spinks' owns confession and other evidence of his guilt. Spinks was identified at trial by both a bank teller and the guard who had been disarmed by Spinks and forced to lie on the floor. At the time of his arrest Spinks was found hiding in a cubbyhole in an apartment containing $17,488 in cash, bait bills from the teller's window, and the confiscated weapon of the guard.

## II.

■ Spinks also claims that the district judge abused his discretion in refusing to permit Spinks' attorney to show two films of the robbery in closing argument to the jury.

The government had introduced into evidence, without objection, two films taken of the robbery by a bank surveillance camera. The films depicted only three robbers. At the close of the evidence the court denied Spinks' motion for leave to show the films to the jury in argument. The entire films had been shown to the judge and to the jury before Spinks' motion was made. Although the judge refused a "rerun," he permitted Spinks' attorney to argue the contents of the films to the jury.

The government's oral testimony was that Spinks was an unmasked robber who had disarmed the bank guard. Spinks argues that the films do not depict him in the robbery and that they were accordingly favorable to him because they showed that he was not one of the robbers. These considerations were argued to the jury by Spinks' attorney, urging that Spinks was not shown in the "unemotional pictures" and was therefore not one of the robbers despite identification of him by several "emotional witnesses." However, the bank camera photographed only three of the five robbers and there is no reason why the jury could not accept the testimony identifying Spinks as one of two robbers not shown in the films. We see no reason why the jury should have rejected the identification testimony as "emotional."

Spinks cites no authority for his claim. He has not persuaded us that he was prejudiced by the court's ruling.

Affirmed.