Adam A. MACK, Jr., and Shelton J. Williams, Petitioners-Appellants,

v.

Ross MAGGIO, Acting Warden, Louisiana State Penitentiary, Respondent-Appellee.

No. 76–2121

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Sept. 17, 1976.

Rehearing and Rehearing En Banc Denied Oct. 22, 1976.

Bertrand De Blanc, Lafayette, La., for petitioners-appellants.

Knowles M. Tucker, Dist. Atty., Dracos D. Burke, Asst. Dist. Atty., New Iberia, La., for respondent-appellee.

Before BROWN, Chief Judge, GEWIN and MORGAN, Circuit Judges.

PER CURIAM:

The judgment appealed from is affirmed on the reasoning and analysis expressed in the unpublished memorandum order of the trial court.

The memorandum order follows:

ORDER

PUTNAM, Senior District Judge.

Adam Amos Mack, Jr., and Shelton Joseph Williams are again before the court with separate applications for habeas corpus. The previous history of this case may be obtained by the earlier applications made by them, see: *State v. Mack*, 243 La. 369, 144 So.2d 363 (1962), cert. den. 373 U.S. 917, 83 S.Ct. 1306, 10 L.Ed.2d 416 (1963), writ for habeas corpus 231 F.Supp. 819 (E.D.La. 1964) affd. *Mack v. Walker*, 372 F.2d 170 (5 Cir. 1966), cert. den. 393 U.S. 1030, 89 S.Ct. 641, 21 L.Ed.2d 573.

The primary and only contention urged at this time is an alleged violation of the rule enunciated in *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). The applicants and one Kenry Feast were jointly indicted, tried and con-

* Rule 18, 5 Cir.; see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

victed of the brutal murder of a storekeeper in the parish of Iberia, Louisiana, on June 25, 1960. Feast was found guilty without capital punishment. Mack and Williams were.found guilty as charged and sentenced to death. Following state appellate procedure, the case was brought to the United States District Court for the Eastern District of Louisiana for habeas relief, which was denied. See citations supra. Subsequently, on December 12, 1972, the death sentences were vacated and Mack and Williams sentenced to life imprisonment in keeping with *Furman v. Georgia*, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972).

The State responded to the present applications by filing the entire record of the trial. Not all of the evidence is available for consideration, as Louisiana followed the limited review rule at that time and only that portion of the evidence relating to bills of exception\ reserved during the trial was transcribed. Each defendant had made voluntary confessions describing their individual participation in the crime, with only slight variances in the role played by the confessor. These went to the jury. None of the accused testified.

It is now argued that *Bruton*, supra, requires that the writ sought here be granted. Great reliance is placed upon *Anderson v. Louisiana*, 403 U.S. 949, 91 S.Ct. 2288, 29 L.Ed.2d 861 (1971), reversing *State v. Anderson*, 254 La. 1107, 229 So.2d 329 (1971).

The reversal was accomplished by a single paragraph per curiam opinion of the United States Supreme Court, without reasons. This court must rely upon its independent analysis of *Anderson* to determine its application to the facts of the case before us.

In *Anderson*, supra, four defendants were charged with rape. Prior to trial the State amended the indictment so as to charge only one rape, that committed by Anderson. The remaining three were charged as principals by reason of their participation in the affair. All four confessions were introduced at the trial in which each one admitted his own actual physical rape of the girl, as well as his active assistance in the rape committed by Anderson. See *Anderson v. Louisiana*, supra. Thus, in Anderson, the confession of all four in a joint trial to the act of rape charged in the indictment as well as three other successive rapes, was highly prejudicial and could not have had any effect other than to inflame the minds of the jurors against the one defendant named as the actor in the amended indictment. There was no editing of the confessions to delete references to the successive acts of rape which allegedly occurred and a severance was clearly indicated, even though the guilt of each for separate rapes as well was fully established by his own statement as was his involvement as an accomplice to Anderson. Put another way, Anderson resulted in confessions being put before the jury not only establishing the rape committed by defendant Anderson and the complicity of the remaining three defendants, but of three other separate crimes as well. We do not feel that Anderson is controlling here.

The confessions of Mack, Williams and Feast are in this record. Each confessed to the same crime—the killing of Mr. Duhon. Thus, in our view, the *Bruton* rule does not apply. The able State jurist who heard the habeas corpus application in state court has correctly analyzed the problem here and in our view was correct. No evidentiary hearing was, nor is it now, required. The guilt of each accused is established beyond a reasonable doubt by his own confession. See: *United States v. Venere*, 416 F.2d 144 (5 Cir. 1969); *United States v. Spinks*, 470 F.2d 64 (7 Cir. 1972); *United States ex rel. Duff v. Zelker*, 452 F.2d 1009 (2 Cir. 1971). Under these circumstances, even if there were a *Bruton* violation here, it constitutes harmless error. Cf. *Harrington v. California*, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969); *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972); *United States v. Hicks*, 524 F.2d 1001 (5 Cir. 1975); *United States v. Killian*, 524 F.2d 1268 (5 Cir. 1975); *Catazaro v. Mancusi*, 404 F.2d 296 (2 Cir. 1968), cert. den. 397 U.S. 942, 90 S.Ct. 956, 25 L.Ed.2d 123; *Metropolis v. Turner*, 437 F.2d 207 (10 Cir. 1971);

*United States ex rel. Ortiz v. Fritz*, 476 F.2d 37 (2 Cir. 1973), cert. den. 414 U.S. 1075, 94 S.Ct. 591, 38 L.Ed.2d 482.

Having concluded that no evidentiary hearing is required, the application for habeas corpus in each case is hereby denied. Judgment will be entered accordingly.

Lafayette, Louisiana, March 15, 1976.

/s/ R J Putnam
R. J. Putnam
Senior United States
District Judge