**UNITED STATES of America, Plaintiff,**

v.

**Alex Joseph DE LA ZERDA, Roberto Lopez–Gonzalez, Rene Fernandez Del Valle, Defendants.**

**Crim. No. 80–49.**

United States District Court,
D. Puerto Rico.

May 20, 1980.

U. S. Atty. José A. Quiles, Brian M. Murtagh, Sp. Atty., Hato Rey, P. R., for plaintiff.

A. Burogs Mundo, Hato Rey, P. R., for defendants.

## ORDER

TORRUELLA, District Judge.

Defendants López–González and Fernández Del Valle having moved for severance, the Motions for Severance as to both Defendants are hereby denied for the reasons which follow:

### I

### MOTION FOR SEVERANCE OF FERNÁNDEZ DEL VALLE

Defendant Fernández who has made no post–arrest statement moved for severance from Defendant López–González, whose confession did implicate Fernández, as well as from Defendant DeLaZerda, whose confession does not name or implicate him. Fernández based his Motion primarily on *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).[1] In response, the Government redacted the statements of López–González in such a way that the Court finds that no reference to Fernández appears therein. Counsel for Fernández has conceded in open Court that, as redacted, the López–González statements do not implicate his client and that the statements of DeLaZerda make no reference to him at all.

■ It is well settled that the Supreme Court's prohibition in *Bruton* against the use of a non–testifying defendant's confession implicating a non–confessing defendant in a joint trial, has no applicability to a situation in which the confession makes no reference to the non–confessing defendant. See *United States v. Gerry*, 515 F.2d 130 (2d Cir., 1975), *cert. denied*, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975); *Tasby v. United States*, 451 F.2d 394 (8th Cir., 1971), *cert. denied*, 405 U.S. 992, 92 S.Ct. 1262, 31 L.Ed.2d 459, 406 U.S. 922, 92 S.Ct. 1787, 32 L.Ed.2d 122 (1972); *United States v. Fountain*, 449 F.2d 629 (8th Cir., 1971) *cert. denied*, 405 U.S. 929, 92 S.Ct. 981, 30 L.Ed.2d 802 (1972); *Trigg v. United States*, 430 F.2d 372, 373 (7th Cir., 1970), *cert. denied*, 400 U.S. 966, 91 S.Ct. 379, 27 L.Ed.2d 387 (1970); *White v. United States*, 415 F.2d 292 (5th Cir., 1969), *cert. denied*, 397 U.S. 993, 90 S.Ct. 1128, 25 L.Ed.2d 400 (1970).

■ To obtain a severance a defendant must make a strong showing of prejudice likely to result from a joint trial. *United States v. Luna*, 585 F.2d 1, 4 (1st Cir., 1978), *cert. denied*, 439 U.S. 852, 99 S.Ct. 160, 58 L.Ed.2d 157 (1978). The Court having heard an offer of proof as to the evidence in this case, which was not disputed, and having become familiar with the nature of anticipated evidence from other Motions filed, finds that the evidence is not so complex that a properly instructed jury would be unable to compartmentalize that evidence which may be considered only on the issue of Fernández' guilt or innocence. See *Luna*, supra, at 5; *United States v. Ritch*, 583 F.2d 1179, 1181 (1st Cir., 1978).

### II

### MOTION FOR SEVERANCE BY DEFENDANT LOPEZ GONZALEZ

■ Defendants López–González and De-LaZerda both made post–arrest statements in which each admitted his own role in the obtaining of Navy explosives, neither sought to shift responsibility to the other and both implicated the other in an interlocking fashion. In essence, Defendant De-LaZerda's statements reflect that he was approached by Defendant López–González on two occasions to obtain explosives from the United States Navy, which he subsequently did, and which he transferred to López–González; as redacted López–González' statements reflect that he approached DeLaZerda on two occasions to obtain explosives and that DeLaZerda subsequently furnished the explosives to him. The Court having read and studied the statements of both Defendants finds that the portions of DeLaZerda's statements implicating López–González merely corrobo-

---

1. The other contentions have been considered, found to be without merit, and therefore do not require discussion.

rate the confession of López–González which this Court has previously ruled was voluntary.

The Court has also by virtue of hearing argument and evidence presented in open Court on Motions to Suppress physical evidence seized pursuant to a search warrant, and by way of uncontested offers of proof made in open Court by the Government Attorney, has become aware of other evidence, which if believed by a jury, would be sufficient to connect him to the conspiracy charged. The Court weighing the possibility of prejudice finds that the physical evidence and the existence of several admissions by a co–conspirator further reduce the possibility of prejudice to a *de minimus* level.

The only authority cited by counsel for Roberto López–González on the issue of prejudice stemming from the admission of DeLaZerda's statements is *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968).

The facts in the case before this Court are distinguishable from those in *Bruton*, supra; *Bruton* did not confess, while López–González has voluntarily confessed; there was virtually no other evidence against *Bruton*, however, against López–González, there is also the anticipated testimony of the surveilling agents as well as those executing the search warrant on his business, which resulted in the seizure of the marked gift wrapping previously used to conceal the dummy explosives received allegedly from DeLaZerda.

The Second Circuit first addressed the interlocking confession problem which *Bruton* spawned in *United States ex rel. Catanzaro v. Mancusi*, 404 F.2d 296 (2 Cir. 1968), *cert. denied*, 397 U.S. 942, 90 S.Ct. 956, 25 L.Ed.2d 123, the Court stated, at 300:

"Catanzaro's final claim is that the failure of the trial court to grant his motion for a separate trial prejudiced his right to a fair trial. He relies on *Bruton v. United States*, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) and *United States ex rel. Hill v. Deegan* [268 F.Supp. 580 (D.C.)], supra, and argues that because the confession of the codefendant McChesney was introduced at the joint trial the writ of habeas corpus should be granted here.

The reasoning of *Hill* and *Bruton* is not persuasive here. Both of those cases involved a defendant who did not confess and who was tried along with a codefendant who did. In our case Catanzaro himself confessed and his confession interlocks with and supports the confession of McChesney.

Where the jury has heard not only a codefendant's confession but the defendant's own confession no such "devastating" risk attends the lack of confrontation as was thought to be involved in *Bruton*. See 391 U.S. at 136, 88 S.Ct. 1920."

The ruling in *Catanzaro* has been followed in subsequent decisions by the Second Circuit. *United States v. Dizdar*, 581 F.2d 1031, 1038 (2d Cir., 1978); *United States ex rel. Stanbridge v. Zelker*, 514 F.2d 45 (2d Cir., 1975); *United States v. DeBerry*, 487 F.2d 448 (2d Cir., 1973); *United States ex rel. Ortiz v. Fritz*, 476 F.2d 37 (2d Cir.), *cert. denied*, 414 U.S. 1075, 94 S.Ct. 591, 38 L.Ed.2d 482 (1973).

In *United States ex rel Stanbridge v. Kelker*, supra, the Court said at 48:

"The likelihood of error must be measured against the prejudicial consequences of the failure of the jury to follow the court's instructions, i. e., the 'devastating' effect of the incriminations contained in the codefendant's admissions. [See *Bruton*, [391 U.S.] at 136, 88 S.Ct. 1620, 20 L.Ed.2d 476]. Where the confession adds nothing to what is otherwise clearly and properly in the case, it can have little 'devastating' effect." (Footnote omitted).

In 1976 the Eighth Circuit, in which *Bruton*, supra, originally arose, had occasion to address the issue in *United States v. Walton*, 538 F.2d 1348, 1353–54, (8th Cir., 1976):

"It is now well established that Bruton does not automatically call for a reversal where interlocking confessions of co–de-

**304**

fendants tried at the same time are admitted in evidence, and that there should be no reversal where the appellate court is convinced that a complaining defendant was not subjected to a substantial risk of incurable prejudice as a result of the admission of his co–defendant's confession. See *Brown v. United States*, 411 U.S. 223, 230–32, 93 S.Ct. 1565 [1569–70] 36 L.Ed.2d 208 (1973); *Harrington v. California*, supra [395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284]; *United States ex rel. Stanbridge v. Kelker*, 514 F.2d 45 (2d Cir., 1975); *United States v. DeBerry*, 487 F.2d 448 (2d Cir., 1973); *United States ex rel. Ortiz v. Fritz*, 476 F.2d 37 (2d Cir., 1973), cert. denied, 414 U.S. 1075, 94 S.Ct. 591, 38 L.Ed.2d 482 (1973); *United States v. Spinks*, 470 F.2d 64 (7th Cir., 1972), cert. denied, 409 U.S. 1011, 93 S.Ct. 456, 34 L.Ed.2d 305 (1972); *Tasby v. United States*, 451 F.2d 394 (8th Cir., 1971), cert. denied, 405 U.S. 992, 92 S.Ct. 1262, 31 L.Ed.2d 459 (1972); *United States v. Fountain*, 449 F.2d 629 (8th Cir., 1971), cert. denied, 405 U.S. 929, 92 S.Ct. 981, 30 L.Ed.2d 802 (1972); *Metropolis v. Turner*, 437 F.2d 207 (10th Cir., 1971); *United States ex rel. Catanzaro v. Mancusi*, 404 F.2d 296 (2d Cir., 1968).

\*    \*    \*    \*    \*    \*

Here, apart from the confession of his co–defendant, the government's case against each of the defendants was an extremely strong one, and each of the defendants would rather obviously have been found guilty had he been tried alone and had the confession of his co–defendant been left out of the case entirely. As far as Walton was concerned, the confession of Turner did no more than corroborate what Walton had said himself and was simply cumulative to Walton's own confession and the other evidence in the case. As to Turner, the same thing may be said about the Walton confession. In the light of the evidence and of the instructions of the district court, we are convinced that neither defendant was substantially prejudiced by the introduction of the confession of his co–defendant."

See also *Hall v. Wolff*, 539 F.2d 1146 (8th Cir., 1976); *Mack v. Maggio*, 538 F.2d 1129 (5th Cir., 1976); *United States v. Flemming*, 594 F.2d 598 (9th Cir., 1979).

Counsel for Roberto López–González have not drawn the Court's attention to any controlling case decided by the First Circuit, or the Supreme Court, therefore, we decline to follow the holding in *Randolf v. Parker*, 575 F.2d 1178 (6th Cir., 1978), and find persuasive the reasoning of the Second, Fifth, Seventh, Eighth and Ninth Circuits. The Motion to sever is DENIED.

IT IS SO ORDERED.