UNITED STATES of America

v.

**RUFF, Robert Andre, Appellant.**

**No. 83–3100.**

United States Court of Appeals, Third Circuit.

Argued Aug. 5, 1983.

Decided Sept. 23, 1983.

Rehearing and Rehearing In Banc Denied Oct. 18, 1983.

Certiorari Denied Jan. 9, 1984. See 104 S.Ct. 733.

---

Terry R. Bossert, Harrisburg, Pa., for appellant.

Barbara L. Kosik, Asst. U.S. Atty. (argued), David Dart Queen, U.S. Atty., Harrisburg, Pa., for appellee.

Before GIBBONS, HUNTER, Circuit Judges, and MANSMANN,* District Judge.

## OPINION OF THE COURT

JAMES HUNTER, III, Circuit Judge:

The defendant, Robert Andre Ruff, was convicted by a jury of kidnapping in violation of 18 U.S.C. § 1201(a) (1976), transportation of a stolen vehicle in violation of 18 U.S.C. § 2312 (1976), and conspiracy to kidnap in violation of 18 U.S.C. § 1201(c) (1976).[1] He now appeals this conviction, which we affirm.

On December 3, 1980 at approximately 1:30 p.m., Patsy Gaisior left her place of employment for lunch at the City Towers Apartments in Harrisburg, Pennsylvania. At or near the City Towers Apartments the defendant and a companion, Frank Johnson ("Johnson"),[2] abducted Gaisior and stole her car.

The victim was next seen at the drive-up window of the Commonwealth National Bank in Harrisburg, Pennsylvania sometime between the hours of 3:00 p.m. and 5:00 p.m. A bank teller testified that Gaisior withdrew $250.00, and that she was accompanied by two black males. The teller identified one of the men as Johnson, but could not positively identify the other as the defendant. The victim has not been seen or heard from since that time.

At approximately 7:00 p.m. that evening, Johnson and the defendant arrived, in Gaisior's car, at the Washington, D.C. home of a friend. This friend testified that they had with them a pistol belonging to Johnson and "some money." The defendant and Johnson then drove Gaisior's car to the apartment of Johnson's mother in Maryland. The defendant now carried the gun, along with the victim's checkbook. When Johnson's mother refused to forge Gaisior's signature on the checks, the defendant threatened to do to her what he had done to "that girl."

The defendant and Johnson then drove, again in Gaisior's car, to the Washington, D.C. home of Johnson's sister, Brenda. She testified that they had with them the victim's checkbook and credit cards, and that they asked her also to forge the checks and use the credit cards. She refused.[3]

While at Brenda's home, the defendant told her roommate, Steve Gaston, that he

---

* Honorable Carol Los Mansmann, United States District Judge for the Western District of Pennsylvania, sitting by designation.

1. 18 U.S.C. § 1201(a) (1976) provides in pertinent part:

   (a) Whoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when:

   (1) the person is willfully transported in interstate or foreign commerce . . .

   shall be punished by imprisonment for any term of years or for life.

   18 U.S.C. § 1201(c) (1976) provides:

   (c) If two or more persons conspire to violate this section and one or more such persons do any overt act to effect the object of the conspiracy, each shall be punished by imprisonment for any term of years or for life.

   18 U.S.C. § 2312 (1976) provides:

   Whoever transports in interstate or foreign commerce a motor vehicle or aircraft, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned not more than five years, or both.

2. Frank Johnson was indicted as a co-defendant and tried jointly with Ruff and found guilty. Johnson appealed his conviction to this court. We affirmed his conviction in a per curiam opinion filed this day. *United States v. Johnson*, 717 F.2d 859 (3d Cir.1983).

3. Johnson later succeeded in getting his wife to forge Patsy Gaisior's signature on the checks and credit cards. These forged checks eventually led to his arrest.

had obtained the car by "telling a lady to move over at a stoplight." The defendant admitted to the roommate that he "had killed the lady and thrown her body into the Anacostia River." Johnson confirmed this story by telling his sister—in the defendant's presence—that the defendant had used the gun to kill a white girl and that they had thrown her body into the Anacostia River. The defendant did not object to Johnson's statement or deny its truth.

Early the next morning, the defendant abandoned Johnson at Brenda's apartment, taking with him Johnson's gun and money, and the victim's car and personal effects. The defendant was arrested six days later while committing an armed robbery of a gas station in Philadelphia. At the time of his arrest the defendant had in his possession Johnson's gun, Patsy Gaisior's automobile registration card, and the keys to her car, apartment and mailbox.

In the meantime, Johnson had returned to Harrisburg. There he described to his brother in full detail how he and the defendant had abducted Gaisior, taken her car, killed her and thrown her body in the Anacostia River. Johnson recounted the same detailed story to his brother-in-law.

Following Johnson's arrest for cashing Gaisior's forged checks, a federal grand jury indicted the defendant and Johnson on three counts: kidnapping, interstate transportation of a stolen vehicle, and conspiracy to kidnap. Johnson and the defendant were tried jointly. On May 7, 1982, each was found guilty on all three counts, and each was sentenced to two terms of life imprisonment for the kidnapping and conspiracy to kidnap counts, and a five year term for the stolen vehicle count. The sentences are to run concurrently.

The defendant raises nine allegations of error by the district court.[4] The only allegation requiring detailed discussion is the *Bruton* issue. The others are without merit.

Defendant's *Bruton* challenge arises because the trial judge permitted Johnson's numerous relatives to tell the jury in full what Johnson had told them about the kidnapping. Their testimony contains repeated references to the defendant and to his substantial involvement in the abduction and theft. The trial judge refused defendant's request to have his name redacted from their testimony. Defendant argues, relying on *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), that although these statements were properly admitted against Johnson, Fed.R.Evid. § 801(d)(2)(A), and although the trial judge was careful to caution the jury not to use them against the defendant, their admission nevertheless constitutes reversible error. In *Bruton,* as here, the defendant who made the statements refused to take the stand and was therefore unavailable for cross-examination. The Supreme Court ruled that where the nontestifying defendant's extrajudicial statements tend to implicate the other defendant, their admission violates the other's sixth amendment right to confrontation. The Court concluded that such statements therefore cannot be introduced if they tended to implicate the nonconfessing co-defendant. *Id.* at 137, 88 S.Ct. at 1628. Limiting instructions to the jury are insufficient protection because "the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Id.* at 135, 88 S.Ct. at 1627.

---

**4.** Ruff alleged that the district court erred in:
  1) Admitting the unredacted statements of a co-defendant at a joint trial;
  2) Denying Ruff's motion for severance;
  3) Allowing the admission of Ruff's extrajudicial statements;
  4) Refusing to use Ruff's *voir dire* questions;
  5) Admitting Brenda Johnson's Grand Jury testimony and instructing the jury with regard to tacit admissions;

  6) Refusing the testimony of Tawnya Dubois;
  7) Admitting the Capitol Area Transit ("CAT") transfer ticket;
  8) Admitting evidence of Ruff's plea to illegal possession of a firearm in Cape May, New Jersey;
  9) Refusing to grant defendant's motion for acquittal on the grounds of insufficient evidence.

The Court made clear the following term, however, that not every *Bruton* violation warrants a new trial. *Harrington v. California,* 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969). As with all errors of constitutional dimension, there are instances where the improper admission of *Bruton* statements may be deemed harmless error. Such error will be harmless, in particular, where the independent, properly admitted evidence of the defendant's guilt is so overwhelming that a court can be certain, beyond a reasonable doubt, that the defendant would have been convicted even absent the *Bruton* violation. *Id.* at 251, 89 S.Ct. at 1727; *Brown v. United States,* 411 U.S. 223, 230–32, 93 S.Ct. 1565, 1569–71, 36 L.Ed.2d 208 (1973); *Schneble v. Florida,* 405 U.S. 427, 92 S.Ct. 1056, 31 L.Ed.2d 340 (1972). Although a plurality of the Supreme Court and some circuit courts have applied a less strict standard when the co-defendant's *Bruton* statements substantially parallel incriminating statements of the defendant's own,[5] as was arguably the case here, this court has adhered to the more stringent harmless error standard of *Harrington. United States v. DiGilio,* 538 F.2d 972 (3d Cir.1976), *cert. denied sub nom Lupo v. United States,* 429 U.S. 1038, 97 S.Ct. 733, 50 L.Ed.2d 749 (1977). Applying this standard to the facts of the instant case, we conclude that while the district court erred in admitting Johnson's unredacted extrajudicial statements, the independent evidence of the defendant's guilt was so overwhelming as to render that error harmless.

The defendant himself admitted, to Steve Gaston, that he had stolen the car, killed its owner, and dumped her body in the Anacostia. When Johnson recounted the details of the murder to his sister, the defendant tacitly admitted their truth by failing to deny them. This evidence, along with the fact that the defendant and Johnson were driving Gaisior's car and holding her personal effects, indisputably links the defendant to Gaisior's kidnapping and certain death. All of this evidence was properly admitted and creates no *Bruton* problem.

Defendant claims, nevertheless, that Johnson's statements prejudiced him by establishing the essential interstate travel element of the federal offense. According to the defendant, Johnson's statements were the critical pieces of evidence placing him in Harrisburg, Pennsylvania at the time of the abduction. Without these statements, he argues, the jury could not have found him guilty of the interstate offenses. We disagree. There was ample independent evidence placing the defendant in Harrisburg that day. First, there is the testimony of the teller at the Harrisburg bank. Although she could not positively identify the defendant as the third person accompanying Johnson and the victim, the defendant does fit the general description given by the bank teller. The fact that the defendant arrived in Washington, D.C. with Johnson in Gaisior's car a few hours after the kidnapping strongly suggests that the defendant was the unidentified black male at the bank. More particularly, a bus transfer found in the defendant's coat upon his arrest places him within two blocks of the victim's apartment shortly before the kidnapping occurred. Taken as a whole, we find the independent evidence of the defendant's guilt and active participation in the interstate nature of the crimes to be sufficiently overwhelming to render the improper admission of Johnson's unredacted *Bruton* statements harmless.

The conviction will be affirmed.

---

5. In *Parker v. Randolph,* 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979), four justices of the Supreme Court voted to establish a "parallel statements" exception to the *Bruton* rule. For lower court cases also subscribing to the parallel statements exception, *see Kirksey v. Jones,*

673 F.2d 58, 60 (2d Cir.1982); *U.S. ex rel. Catanzaro v. Mancusi,* 404 F.2d 296, 300 (2d Cir.1968), *cert. denied,* 397 U.S. 942, 90 S.Ct. 956, 25 L.Ed.2d 123 (1970); *Mack v. Maggio,* 538 F.2d 1129, 1130 (5th Cir.1976).