James N. **BALLARD**, Chris P. Vickers, Petitioners,

v.

Jack R. **DUCKWORTH**, Indiana Attorney General, Respondents.

No. S85–224.

United States District Court, N.D. Indiana, South Bend Division.

March 6, 1986.

James N. Ballard, Chris P. Vickers, pro se.

Robert B. Wente, Deputy Atty. Gen., Indianapolis, Ind., for respondents.

## MEMORANDUM AND ORDER

ALLEN SHARP, Chief Judge.

Petitioners, James N. Ballard and Chris P. Vickers, inmates at the Indiana State Prison, Michigan City, Indiana, have filed this joint petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondents have filed a motion to dismiss as part of their Return to Order to Show Cause.

In accord with the dictates of *Townsend v. Sain*, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963), the complete state court record has been filed with, and carefully examined by, this court.

A careful examination of the underlying state court record and the opinion of the Supreme Court of Indiana on direct appeal, *Ballard v. State*, 270 Ind. 337, 385 N.E.2d 1126 (1979), as well as, the opinion of the Supreme Court of Indiana on appeal of the denial of post-conviction relief petition, *Vickers v. State*, —— Ind. ——, 466 N.E.2d 3 (1984), reveals that the petitioners have exhausted their available state court remedies per 28 U.S.C. § 2254(b) and (c); *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982). Both sides having briefed their respective issues, this petition is now ripe for ruling.

The petitioners were convicted in a state court jury trial of kidnapping, rape and the commission of a felony while armed, for which each received sentences of fifteen (15) years, twenty-one (21) years, and life, respectively on the convictions. Their convictions were unanimously affirmed on appeal by the Supreme Court of Indiana. Following unfavorable action on their post-conviction filings in the state court, petitioners now bring this petition for a federal writ of habeas corpus.

On April 12, 1985, petitioners filed a motion for the appointment of counsel. This court ordered the petitioners to show what, if any, efforts they had made to obtain counsel on their own and granted sixty (60) days to do so. Petitioners have failed to comply with this court's order.

■ There is no constitutional right to appointed counsel in a civil case. *Thomas v. Pate*, 493 F.2d 151 (7th Cir.), *cert. denied*, 419 U.S. 879, 95 S.Ct. 143, 42 L.Ed.2d 119 (1974). Rather, the decision whether to appoint counsel in a case rests within the sound discretion of the court. *McBride v. Soos*, 594 F.2d 610 (7th Cir.1979). When considering motions for appointed counsel, this court is guided by the standards set forth in *Maclin v. Freake*, 650 F.2d 885 (7th Cir.1981). These standards include, but are not necessarily limited to, such

considerations as the legal and factual merits of the claim presented, the degree of complexity of the issues involved, and the movant's apparent physical and intellectual abilities to prosecute the action. *See also Merritt v. Faulkner*, 697 F.2d 761 (7th Cir.1983); *McKeever v. Israel*, 689 F.2d 1315 (7th Cir.1982). This court is also mindful of a point not often made in these matters, and that is that the operative word in 28 U.S.C. § 1915(d) is "request", not "appoint", i.e., "[t]he Court may request an attorney to represent any such person unable to employ counsel." *See* David Ashley Bagwell, "Procedural Aspects of Prisoner § 1983 and § 2254 Cases in the Fifth and Eleventh Circuits," 95 F.R.D. 435, 443 (1982).

These basic concepts as to the so-called appointment of counsel were carefully and fully outlined by this court in *Williams v. Duckworth*, 562 F.Supp. 506 (N.D.Ind. 1983), aff'd by unpublished order, 749 F.2d 34 (7th Cir.1984).

■ Based on the foregoing criteria, this court finds that the petitioners do not meet the prerequisite criteria and that the appointment of counsel is unwarranted. Therefore, this court denies petitioners' motion for appointment of counsel.

This court also finds that the petitioners filed a motion for enlargement of time to respond to respondents' Return to Order to Show Cause. This court granted petitioners up to and including July 26, 1985, to file their response. Petitioners have not filed a response nor requested further continuances. The time to respond having long been up, this petition is ripe for ruling.

Petitioners raise the following issues in this application for habeas relief.

(1) Petitioners herein were denied due process of law under the Indiana and United States Constitutions when the trial court failed to admonish the jury to disregard the rude handcuffing of petitioners, and to disregard an apparent altercation involving the petitioners, which was in essence an altercation between one of petitioners' attorneys and a court baliff (sic), all of which prejudiced peti-

tioners' fundamental rights because it occurred in the presence and plain view of the jury.

(2) Petitioners were subjected to vindictive punishment in violation of the United States Constitution and in violation of the Indiana Constitution, Article I, Section 18, when they were sentenced to mandatory life imprisonment under the pre–1977 penal code.

(3) Petitioners were denied due process of law under the Indiana and United States Constitutions and I.C. 35–1–37–4 (1976 Ed.) when the trial court allowed the alternate juror to be present during jury deliberations.

(4) Petitioners were denied effective assistance of counsel, under the Indiana and United States Constitutions where appointed trial counsel failed to meaningfully consult with petitioners, failed to investigate possible defenses, failed to prepare for a jury trial, and failed to interview potential witnesses. Counsel rendered ineffective assistance in that he informed petitioner-defendant could no longer accept the State's plea offer of ten (10) years because the jury had been selected.

(5) Petitioners were denied effective representation by counsel and due process of law, under the Indiana and United States Constitutions, where the arresting officer testified falsely under oath with respect to the pre-trial statements made by the then-defendants, and in conjunction, the prosecutor relief upon this false testimony in his closing argument to the jury.

(6) Petitioners were denied effective assistance of counsel and the right to confrontation where statements of both Ballard and Vickers were introduced into evidence at their joint jury trial and neither of them had testified at trial, and no motion for separate trial had been made. Petitioner Vickers had requested of his attorney a Motion for Separate Trials.

Petitioners' first issue arises out of an incident which occurred during a recess in the trial. Petitioners contend that as they were escorted out of the courtroom, Vick-

ers' attorney and the court bailiff exchanged loud verbal comments regarding Vickers' girlfriend being able to talk to Vickers. The bailiff then placed the handcuffs on the petitioners in a manner in which petitioners claim was rough causing them to lose their balance. Petitioners claim that this altercation took place in the same hallway at the same time the jury was exiting into the hallway for the recess.

Petitioners contend that the occurrence of such an altercation in the presence of the jury unduly prejudiced their case and denied them a fair trial.

■ It is axiomatic that a criminal defendant has the right to appear before the jury free from shackles or other forms of physical restraint. *Illinois v. Allen,* 397 U.S. 337, 344, 90 S.Ct. 1057, 1061, 25 L.Ed.2d 353 (1970); *Harrell v. Israel,* 672 F.2d 632, 635 (7th Cir.1982); *Osborne v. Duckworth,* 567 F.Supp. 427, 432 (N.D.Ind. 1983). Under "normal" conditions defendants have a right to appear before a jury during trial free from shackles or other forms of restraint. *Id.* However, the use of physical restraints has been upheld to restrain disruptive conduct, *Illinois v. Allen, supra,* and to maintain courtroom security even in the absence of disruptive conduct. *Loux v. United States,* 389 F.2d 911, 919 (9th Cir.), *cert. denied,* 393 U.S. 867, 89 S.Ct. 151, 21 L.Ed.2d 135 (1968).

■ This court in *Osborne v. Duckworth, supra,* granted a writ because the petitioner had been observed in handcuffs by some of the veniremen. The Seventh Circuit reversed the decision in an unpublished opinion. As in the *Osborne* case, the facts of this case show that petitioners were handcuffed for the purpose of supervising and transporting. Furthermore, petitioner Vickers testified at the hearing on the post-conviction petition that the trial court judge immediately approached his bailiff and in a low voice told his bailiff to "keep it down".

The purpose of a public trial is to guarantee that an accused receive a fair trial. *Estes v. Texas,* 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). Based on the facts that the altercation had nothing to do with

the merits of the case, the altercation was between the bailiff and attorney, the court made diligent effort to correct the situation, and the lack of any evidence which shows that the jury actually saw or heard what occurred, this court finds that petitioners' claim does not amount to a deprivation which could possibly be interpreted as undermining the complete fairness of the trial. *Cramer v. Fahner*, 683 F.2d 1376 (1982).

In their second claim, petitioners argue that the life sentence they received for the kidnapping conviction was "vindictive justice" under both, the Constitution of the State of Indiana and the Constitution of the United States.

■ Petitioners base their argument of State constitutional violation on a change in the penal code which took place during the year of their trial and sentencing. Petitioners argue that they should have been sentenced under the new penal code rather than the old penal code. The Supreme Court of Indiana when addressing this issue on appeal stated:

Appellants next argue that their sentences of life imprisonment for Kidnapping under the pre–1977 Indiana Penal Code violates their right to be free from "vindictive justice" under the Indiana Constitution, Article I, Section 18. Indiana Acts 1977, P.L. 340 § 150(a), p. 1611, provides that proceedings begun before October 1, 1977, shall continue under the previous law. *See also* Ind. Acts 1977, P.L. 340 § 150(b), p. 1611 (Offenses committed before October 1, 1977 shall be prosecuted under the repealed law). Appellants acknowledge our holdings in *Vicory v. State*, (1980) 272 Ind. 683, 400 N.E.2d 1380 and six other cases to the effect that sentencing one under the statute in effect at the time his crime was committed, in accordance with the provisions of a subsequent statute which changed the penalty for such offense and which is presumptively constitutional, is not a violation of Art. 1, § 18, of the Indiana Constitution proscribing vindictive punishment. They ask that we reconsider those holdings, but they have

made no argument in support of a change. Petitioners made no showing of entitlement upon this claim.

Petitioners do not challenge the constitutionality of the statute under which they were sentenced. They contend that because a new statute was enacted repealing the old statute they should have been sentenced pursuant to the new statute and that failure to do so constituted a violation of the State Constitution. Petitioners argument is unpersuasive and without merit. As a general rule, a federal court will not review state sentencing determinations that fall within statutory limits. *Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983); *Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980); *Williams v. Duckworth*, 738 F.2d 828 (7th Cir.1984).

Petitioners argue that they were subject to vindictive punishment under the Eighth Amendment because of their sentence. However, petitioners do not claim that the sentence they received violated their right to be free from cruel and unusual punishment under the Eighth Amendment. Rather petitioners argue the reason for their sentences was vindictiveness as a new penal code was enacted yet they were sentenced under the old penal code. This contention has been clearly nullified as petitioners' sentences given were consistent with the applicable law and statutes relevant to their convictions as previously discussed. Therefore, petitioners have not raised a cognizable Eighth Amendment claim which requires this court to review the constitutionality of the statute under which petitioners were sentenced.

■ Petitioners' third argument states that the alternate juror was present during jury deliberations and such presence violated their State constitutional and federal constitutional rights to a fair and impartial trial. Petitioners have wholly failed to provide any factual support as well as legal support for their argument. Furthermore, the record reveals that during the post-conviction petition hearing the trial court judge stated that he knew as a matter of fact no alternate in this Courtroom has

ever been in a jury room during deliberations. This statement was uncontested. Other than the trial court judge's statement, the record is silent, and this court will not draw presumptions from a silent record. The issue is without merit.

The remaining three issues raised by petitioners assert a claim of ineffective assistance of counsel. Petitioners claim that they did not receive the effective assistance of counsel as guaranteed under the Sixth Amendment to the Constitution. They allege that the following shows that they received ineffective assistance of counsel and thus, they did not receive a fair trial. They allege that their attorneys failed to meaningfully consult with them to prepare a proper defense prior to trial; failed to investigate important potential witnesses of whom they had been made aware of in advance of the trial; failed to do any meaningful investigation into the circumstances surrounding the case, Vickers was informed by his attorney that after the jury was picked he could no longer choose to accept the prior plea bargain offer; the State's use of false testimony by an arresting officer to which the prosecutor made reference in his closing argument; failure to assert the right of confrontation when statements of both petitioners were admitted at the trial; and, Vickers' attorney's failure to request a motion for separate trials.

It is axiomatic that in order to establish ineffective assistance of counsel, "a defendant must make a two-part showing: first, that 'counsel's performance was deficient' in the sense that 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment' and second, 'that the deficient performance prejudiced the defense.'" *Siverson v. O'Leary*, 764 F.2d 1208 (7th Cir.1985), citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In *Nutall v. Greer*, 764 F.2d 462 (7th Cir.1985), the Seventh Circuit held that in order to establish prejudice, "[t]here must be a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." The *Nutall* Court

also held, "[I]n applying this standard, we must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance but keep in mind that counsel's function is to make the adversarial testing process work."

The Seventh Circuit has also stated in *Crisp v. Duckworth*, 743 F.2d 580 (7th Cir.1984):

Though we examine each example of incompetence individually, we must also consider their cumulative effect in light of the totality of circumstances. *Strickland*, 104 S.Ct. 2069; *United States v. Brown*, 739 F.2d 1136, (7th Cir.1984). On one hand, this means that an attorney's individual errors may not, looking at the trial as a whole, cast doubt on the reliability of the result, and therefore would not merit reversal. On the other hand, even if individual acts or omissions are not so grievous as to merit a finding of incompetence or of prejudice from incompetence, their cumulative effect may be substantial enough to meet the *Strickland* test.

This court now looks to each of petitioners' assertions individually and in a totality of the circumstances.

■ Petitioners first allege their attorneys failed to investigate and prepare a proper defense. The petitioners have stated broad allegations and have not stated any facts or information to support or give credence to their allegation. Petitioners have failed to show what witnesses or what facts this court could even infer would warrant an investigation to be conducted by counsel. As Justice Prentice, writing for the Supreme Court of Indiana stated, "[T]he sole issue appears to have been her (the victim's) credibility." *Vickers v. State, supra* at 7. The Supreme Court of Indiana also specifically found that the record was devoid of any information imparted by either petitioner to his lawyer that would have compelled the post-conviction judge to conclude that either attorney failed to investigate and prepare according to the dictates of the circumstances. *Id.,* at 7. There is a presumption of correct-

ness afforded the factual determinations made by the state court as set forth in 28 U.S.C. § 2254(d) and *Sumner v. Mata,* 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981) to which this court adheres. Therefore, this court finding nothing in the record or petitioners' petition which disputes the state court's finding on this issue finds that petitioners have failed to carry their burden on this particular claim.

While it is undisputed that a defense counsel should make reasonable inquiry into all defenses, *see Arrowood v. Clusen,* 732 F.2d 1364, 1370 (7th Cir.1984), "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgment." *Rogers v. Israel,* 746 F.2d 1288 (7th Cir. 1984) citing *Strickland.* In several cases, the failure to investigate and present expert testimony has been found to be a matter of trial tactics within the range of reasonable performance. *Id.* Since petitioners have wholly failed to set forth facts which support their claim, they cannot prevail on this claim.

■ Vickers claims that since his attorney told him that he could no longer accept the plea bargain offered by the State after the selection of the jury, he received ineffective assistance of counsel. Vickers admits in his petition that he repeatedly refused to enter into a plea bargain and insisted on a trial. In hindsight, this petitioner would much prefer the plea bargain offered than the findings of the jury and the sentences of the court. However, this is not the standard to be applied in determining whether he received effective assistance of counsel. In applying the *Strickland* test it is clear that petitioner can neither show any deficiency in counsel's performance nor any resulting prejudice from counsel's performance in this claim.

■ As further grounds for petitioners' claim that they received ineffective assistance of counsel, petitioners assert that when the arresting police officer testified under oath he perjured himself and which perjury the prosecutor commented on during closing argument. Petitioners claim they were prejudiced to such an extent that they were denied a fair trial. Again this court will presume that the finding of facts by the state court are correct. The state courts found that the police officer testified that petitioners' incriminating statements had been taken within thirty minutes of each other and that the prosecutor commented during closing argument that the statements were alike because the petitioners were together when they made them. *Vickers v. State, supra* at 7. The Supreme Court of Indiana further found that the parties had stipulated in the post-conviction hearing that the statements had been given three hours apart, rather than the one-half hour apart. However, the waivers had been signed but thirty minutes apart. *Id.,* at 7. The Court then found that the testimony given was mere error and was not given deliberately. Absent some specified reason for finding to the contrary this court agrees with the state court's finding. Further, petitioners have failed to show how this error, viewed in a totality of the circumstances, results in prejudicial effect which amounts to constitutionally inadequate representation.

■ Petitioners next allegation to support their claim for ineffective assistance of counsel is that they were denied the right of confrontation when each of their statements were admitted into evidence during their joint trial in which neither petitioner took the stand. Although at first blush it appears as if petitioners are raising a valid *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968) argument, such is not the case. In this case both petitioners had made a statement during custodial interrogation after each had been given his *Miranda* rights. Those statements were then admitted into evidence during the trial, in redacted form, as against the maker of the statement. The presence of the petitioner's own statement in the trial can diminish the prejudicial effect of the admission of a co-defendant's inculpatory statement to render its admission harmless error. *Mack v. Maggio,* 538 F.2d 1129 (5th Cir.1976); *Me-*

**700**

*tropolis v. Turner,* 437 F.2d 207 (10th Cir. 1971). *See also, United States v. Ruff,* 717 F.2d 855 (3d Cir.1983).

In *United States v. Holleman,* 575 F.2d 139 (7th Cir.1978) the Seventh Circuit has approved the use of redacted confessions of co-defendants. In *Montes v. Jenkins,* 626 F.2d 584, 587 (7th Cir.1980), in similar circumstances to this case, the Court held relying on *Parker v. Randolph,* 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979) that *Bruton* does not apply where the interlocking confessions of both defendants are introduced without a cautionary instruction, although error, it is harmless error absent a showing of basic and highly prejudicial error. As in the *Montes* case, petitioners here have failed to show that the admission of the statements in redacted form, of similar substance was prejudicial error. Under the *Strickland* analysis, petitioners have failed to show that counsels' conduct with regard to petitioners' statements impaired the defense and that in a totality of the circumstances, the proceeding would have had a different result but for counsels' conduct.

*See also, United States v. Spinks,* 470 F.2d 64 (7th Cir.1972), *cert. denied,* 409 U.S. 1011, 93 S.Ct. 456, 34 L.Ed.2d 305 (1972), wherein the Court held that the fact that a co-defendant did not take the stand did not deprive defendant of the right of confrontation, when the co-defendant and the defendant had given "substantially similar" confessions. *And see, United States ex rel. Colon v. DeRobertis,* 774 F.2d 801 (1985).

 The last allegation which petitioners claim demonstrates they received ineffective assistance of counsel is counsel's failure to request separate trials. Again, petitioners offer no legal support for their position. There is no constitutional prohibition against a joint trial of co-defendants. *United States v. Spinks,* 470 F.2d 64 (7th Cir.1972); *United States v. Melton,* 689 F.2d 679 (7th Cir.1982). Petitioners claim that trial counsel's decision to proceed in a joint trial denied them effective assistance of counsel does not withstand the *Strickland* analysis. This claim likewise fails to state a meritorious claim warranting the extraordinary measure of granting a writ.

Petitioners' claim of ineffective assistance of counsel does not meet the *Strickland* test and thus must fail.

CONCLUSION

Accordingly, it is the order of this court for the foregoing reasons that respondents' motion to dismiss be and is hereby GRANTED; writ is DENIED; petition is ordered DISMISSED. SO ORDERED.